# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY MCPHERSON,

Plaintiff,

v.

DONALD TRUMP,

Defendant.

Case No. 1:26-cv-03465-JLT-BAM (PC)

FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION AS FRIVOLOUS

(ECF Nos. 1, 2)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Michael Bruce Anthony McPherson, also known as Makal Brusamtone Makfarsan, a state prisoner, seeks to proceed *in forma pauperis* in this matter. (ECF No. 2.) Plaintiff names Donald Trump, President, as the sole defendant and appears to seek possession of certain property. (ECF No. 1 at 5, 8.)

For the reasons that follow, the Court will recommend dismissal of this action as frivolous. The Court also will recommend denial of Plaintiff's application to proceed *in forma pauperis*.

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Allegations

Plaintiff names Donald Trump, President, as the sole defendant in this action.  Plaintiff drafted his complaint using the form provided by this Court.  Plaintiff identifies the institution/city where the violation occurred as "N/A."  (ECF No. 1 at 1.)  In the section in which he is asked to indicate which of his constitutional or federal civil rights have been violated, he states, "Unlawful Possession of Property."  (*Id.* at 5.)  He identifies the issue involved as "Property."  (*Id.*)  In the supporting facts section of the claim, Plaintiff alleges:

> On 04/27/2026, at Federal Court of Eastern District, in an action then pending in the United States District Court between (Makal Brusamtone Makfarsan) and (Donald Trump), who are the Defendent/Plaintiff and Plaintiff/Defendant, respectively in this action, and on the same claim/cause of action as that set forth in the complaint, final judgment was given and made; (Donald Trump is unlawfully possessing "The White House" "land" and "Congress" "Constitution" "executive" "legislation" and "judicial",) on the merits of the case.  The claim/cause of action set forth in Plaintiff's complaint is barred by the judgment, which is in full force and effect.

(*Id.*)  As to his alleged injury, Plaintiff states, " I was ousted and dispossesd [sic] of property, and

land and government." (*Id.*)  In the administrative remedies section, Plaintiff affirms there are administrative remedies available at his institution.  (*Id.*)  However, in response to whether he submitted a request for administrative relief on his claim or appealed his request for relief on his claim to the highest level he states,  "N/A."  (*Id.*)  Plaintiff explains why he did not submit or appeal a request for administrative relief at any level by stating, "Sovereign."  (*Id.*)

Included in the complaint is a Judgment in a Civil Case entered on April 27, 2026, in the matter of *Makal Brusamtone Makfarsan v. Donald Trump*, 1:26-cv-01729-JLT-SKO. (ECF No. 1 at 3-4.)

In the request for relief section, Plaintiff states:  "Donald Trump 'ejected immediatley' and the property placed in Plaintiff's 'immediate possession.'  [¶] and mandamus; compelling, Raul Morales, Warden, 'Discharge' Plaintiff from incarceration."  (ECF No. 1 at 8.)

**III.     Discussion**

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke,* 490 U.S. at 327). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).

Plaintiff's complaint is based on indisputably meritless legal theories.  Examples of claims based on an indisputably meritless legal theory include claims of an interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  Plaintiff purports to bring this suit for land or property based on the judgment entered on April 27, 2026, in the matter of *Makal Brusamtone Makfarsan v. Donald Trump*, 1:26-cv-01729-JLT-SKO.[1]  However, the court dismissed Plaintiff's complaint in that action without prejudice due to Plaintiff's failure to pay the required $405 filing fee, and the corresponding judgment afforded Plaintiff no right to land or property and made no judgment of

---

[1] A court may properly take judicial notice of court records in other cases. Fed. R. Evid. 201; *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records and the records in other cases).

unlawful possession of "The White House," "land," "Congress," "Constitution," "executive," "legislation," or "judicial" by Defendant.  (*See Makal Brusamtone Makfarsan v. Donald Trump*, 1:26-cv-01729-JLT-SKO, ECF Nos. 12, 13.)  Thus, Plaintiff's theory in this action is based on a legal interest that clearly does not exist.

Further, to the extent Plaintiff's allegations are premised on a sovereign citizen ideology, court have rejected arguments based on such ideology as frivolous and meritless.  *See*, *e.g.*, *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *Unites States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (explaining courts have summarily rejected legal theories of "sovereign citizens" as frivolous); *see also Mackey v. Bureau of Prisons*, No. 1:15-cv-1934-LJO-BAM, 2016 WL 3254037, at *1 (E.D. Cal. June 14, 2016).

Plaintiff's factual allegations also are baseless.  Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.  Plaintiff's allegations that he is entitled to "The White House," unspecified land, Congress, the Constitution, "executive," "legislation," or "judicial" or that he was dispossessed of "government" rises to the level of the irrational or wholly incredible.

The Court therefore concludes that Plaintiff's complaint is frivolous, lacking an arguable basis in either law or fact.  Because the complaint is frivolous, the Court finds that Plaintiff should not be granted further leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").  The Court also finds that Plaintiff's application to proceed *in forma pauperis* should be denied.  *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (explaining district court may deny leave to proceed in forma pauperis "at the outset" where it appears from the face of the complaint that the action is frivolous or without merit); *see also Howze v. Tanaka*, 585 F. App'x 379, 379–80 (9th Cir. 2014) (concluding district court did not abuse its discretion in denying plaintiff leave to proceed in

forma pauperis because his claims were either frivolous or lacked merit).

**IV.     Conclusion and Recommendation**

For the reasons stated, the Court finds that Plaintiff's complaint is frivolous and that leave to amend is not appropriate.  Accordingly, it is HEREBY RECOMMENDED that:

1.  Plaintiff's complaint be dismissed without leave to amend; and

2.  Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 25, 2026**                              /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE